STATE OF MAINE                                    SUPERIOR COURT
                                                  CRIMINAL ACTION
YORK, ss.                                         DOCKET NO. CR-08-734


STATE OF MAINE


        v.                          **ORDER AND DECISION**


A.    L.,

        Defendant


A.L. is a fifty-year-old married, employed resident of York County and has been charged, see 34-A M.R.S.A. §11227(1), with violating the Sex Offender Registration and Notification Act of 1999 (SORNA), see 34-A M.R.S.A. §§ 11201, et seq., by failing to register. He has filed a motion to dismiss claiming that the Act as applied violates the *ex post facto* prohibition found at Article I, Section 11 of the Maine Constitution. It is also claimed that the Act violates his rights to substantive due process and infringes upon the natural rights provided to all people pursuant to Article I, Section 1 of the Maine Constitution. Only the *ex post facto* violation claim needs to be discussed. That issue is dispositive.

                MAINE PRECEDENTS AND STATUTORY REQUIREMENTS

The Law Court issued a comprehensive opinion regarding SORNA in *Doe v. District Attorney*, 2007 ME 139. That case also involved a challenge to the constitutionality of SORNA as it applies to individuals sentenced in Maine on or after January 1, 1982 but at a time when the current version of SORNA was not in effect. The *Doe* case and this one ultimately ask the question of whether it is constitutional to impose a sex offender registration requirement, with its potential to enhance public

safety but with its harmful personal and financial effects upon the defendant and the defendant's family, when the registration requirements did not exist at the time the person was initially charged with a sex offense.

The history of SORNA is found in *Doe* commencing at ¶10 of the opinion. The legislature, starting with a very limited act in 1992, has vastly expanded the offenses covered by SORNA, eliminated the ability of the sentencing court to waive the registration requirement for good cause shown and made the act retroactive to June 30, 1992 and then retroactive to January 1, 1982.

The registration and notification requirements are rigorous requiring prompt initial registration, notification to the local police within 24 hours of a change in domicile, residence, place of employment or location of college or school being attended. Notice of any of those changes must also be provided to the State Bureau of Identification. Periodic verification is required.

The information contained in the sex offender registry is now widely available to both the police and, through the Internet, to the general public. An individual's name, date of birth, photograph, and city of residence are statutorily required to be "post(ed) on the Internet for public inspection." 34-A M.R.S.A. §11221(9)(A). Upon written request additional information such as, "race, height, weight, eye color, mailing address and physical location of domicile and residence" and "place of employment ... and the corresponding address and location" must be provided. 34-A M.R.S.A. §11221(9)(B).

Additionally a 2007 amendment to the criminal code, see 17-A M.R.S.A. §261(1), creates a new criminal offense of prohibited contact with a minor under the age of 14 and the offense of prohibited contact with a minor in a sex offender restricted zone such as a school, athletic field, park, or playground. 17-A M.R.S.A. §261(2).

2

The *Doe* opinion examined an earlier decision *State v. Haskell*, 2001 ME 154, 784 A.2d 4, which held that the then version of SORNA was not an *ex post facto* law, and restated that the test to be applied, as the current version of SORNA does not directly impose criminal sanctions, is whether the registration and notification requirements are "so punitive as to overcome the civil characterization." *Doe* at ¶23. Such an effect must be "demonstrated by the 'clearest proof'." *Doe* at ¶23.

*Doe* was remanded for development of "a more detailed" record. *Doe* ¶31, and ¶36.

## THE CURRENT CASE

A. L. was convicted on April 9, 1993 of Class D offenses of sexual abuse of a minor and unlawful sexual contact and received a sentence of 364 days, with all but 90 days suspended and one year of probation with a fully suspended 364 day consecutive sentence and a second year of probation on the second count. He served his time and his probation apparently was successful. He had been a heavy drinker at that time of the separate offenses in 1990 and 1991.

A. L. has been married for fifteen years, has a 14 year old child from his current marriage and has a child from an earlier marriage. His wife also has a child from a prior marriage, they have four grandchildren in total and he has been and remains employed in the same job for over 20 years.

There have been no charges against him in the last 15 years.

Both A. L. and his wife testified to the stability in his current life, his having his alcohol problems under control, the fear that A.L., his wife and child will be subject to ridicule and public humiliation if he is forced to register and have the information about him so readily available and the near certainty that his 1993 conviction would result in his being fired. Should he be fired his ability to obtain a new job as a publicly registered

sex offender is doubtful. His wife is not currently employed. He, his wife and the minor children would be punished through humiliation and potentially severe economic hardship.

While A.L.'s acts were and remain terribly wrong the current version of SORNA is punitive by the clearest proof. If the Act is constitutional a person such as A.L., who was convicted fifteen years ago, must now report to the police on a regular basis. He must promptly report any changes in residence or employment. He would be in danger of arrest if he would attend his child's school functions or athletic events. He could not take a grandchild to a park or playground. He and his family are likely to be subject to ridicule, hatred and even the possibility of violence. He will likely lose his job and remain unemployed. These obligations and risks were not part of the law when he pled guilty and was sentenced over 15 years ago. The Legislature, despite its good intentions, may not constitutionally impose such punitive requirements retroactively as the Maine Constitution states that, "The Legislature shall pass no ... ex post facto law ..." Art. 1, §11.

The entry is:

Motion to dismiss is granted.

Dated:        August 8, 2008

Paul A. Fritzsche
Justice, Superior Court

4